K-Mart Corporation, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Jeffrey M. Hensch, Respondents.

Argued November 19, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

498

*Michael J. Seymour, Feczko and Seymour,* for petitioner.

*Edmond B. Smith, Jr., Markus, Riethmuller and Smith,* for respondent, Jeffrey M. Hensch.

OPINION BY JUDGE ROGERS, December 22, 1980:

Jeffrey M. Hensch, an auto mechanic employed by K-Mart Corporation (K-Mart), a self-insured employer, injured his back at work on October 5, 1977 while unloading a case of oil from a truck. As a result of the injury the claimant suffered pain in his back and his right leg. Mr. Hensch saw a physician, Dr. George Gilmore, throughout November and December of 1977. Dr. Gilmore diagnosed the claimant as having a herniated nucleus pulposor, L5-S1 and advised the claimant not to go back to work for the time being. Mr. Hensch, whose weekly salary at K-Mart was $215.00, began receiving total disability payments of $145.00 per week on November 13, 1977 under Section 306(a) of The Pennsylvania Workmen's Compensation Act (the Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §511.

In January 1978, when the claimant continued to be in pain, Dr. Gilmore recommended a myelogram. On January 9, 1978 a myelogram was performed after which the claimant had a laminectomy and discectomy at L5-S1 on the right side. After the operation, Mr. Hensch continued to see Dr. Gilmore for treatment.

At that time Dr. Gilmore recommended to the claimant that he go to the Bureau of Vocational Rehabilitation and get job retraining in order to obtain a job that would not require the heavy lifting involved in his auto mechanic job. The claimant saw a job counselor in February 1978 after he got out of the hospital. He took a state job aptitude test in the summer of 1978. However, he was unable to begin training school as planned because K-Mart filed a termination petition and request for supersedeas which resulted in the termination of Mr. Hensch's benefits on November 13, 1978 when the supersedeas was granted. Mr. Hensch was told at the school that he could not begin training until he was again receiving workmen's compensation benefits.

At the referee's hearing, Dr. Gilmore and a physician testifying for the employer gave evidence dealing with the claimant's physical condition. Both testified that as a result of the operation Mr. Hensch was experiencing normal mobility and no pain but that he should not lift objects heavier than twenty or thirty pounds. The employer's physician stated that the claimant was completely recovered and could return to his auto mechanic job so long as he lifted heavy objects in a manner he described calculated to avoid back strain. Dr. Gilmore testified that a back which has been operated on rarely ever fully recovers and that if the claimant returned to his auto mechanic job in which he must lift objects weighing fifty to seventy pounds every day, he would almost certainly have a recurrence of his back injury. The employer presented no evidence that other work was available to the claimant which he was able to perform.

The referee reinstated compensation for total disability by specifically finding as a fact that Dr. Gilmore's testimony was more credible than that of the

employer's doctor. On appeal the Workmen's Compensation Appeal Board (Board) affirmed the referee's decision.

On a termination petition the employer has the burden of proving that all work-related disability has either ceased or been reduced from total to partial disability and that, if the claimant is disabled, work is available which the claimant is able to perform. *Servomation Corporation v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 199, 325 A.2d 344 (1974). K-Mart contends that the evidence demonstrates that claimant's disability has ceased and that the Workmen's Compensation Act does not provide benefits for a worker who is not disabled but who may have a recurrence of his injury if he works. We disagree.

As for the facts, the referee found, based on Dr. Gilmore's testimony, that although Mr. Hensch could perform the duties of his job, the likely result of such action would be the recurrence of the claimant's back injury and therefore that the claimant still had a work-related disability which rendered him unable to perform the duties of his regular job.

In *Steinle v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 241, 393 A.2d 503 (1978), an employer contended that a claimant who had not experienced the symptoms of an ischemic heart, for which he had received total disability payments, and who had not had an abnormal electrocardiogram for several years, had no loss of earning power as the result of work-related injury, although his physician testified that the claimant would likely suffer stress spasms if he continued in his former employment. We held:

> [T]he fact that claimant has not suffered from the specific symptoms of an ischemic

heart since the 1974 incident is not controlling to the issue of total disability. Once the claimant has shown by credible evidence that he can no longer perform his former work because of a work-related injury, the burden shifts to the employer to show that he can perform certain work and that such work is available, and absent such proof, the claimant must be compensated for total disability.

*Id.* at 247-8, 393 A.2d at 507.

*Steinle, supra,* controls.

Order affirmed.

## ORDER

AND Now, this 22nd day of December, 1980, the order of the Workmen's Compensation Appeal Board, at No. A-77422, dated November 13, 1979, is hereby affirmed and the petitioner is directed to pay compensation to the claimant, Jeffrey M. Hensch, at the rate of $145.57 per week from November 16, 1978 and continuing thereafter in accordance with the provisions of The Pennsylvania Workmen's Compensation Act. Interest at the rate of ten percent (10%) per annum on all deferred payments shall be paid to the claimant in accordance with The Pennsylvania Workmen's Compensation Act.

Out of the first check due to claimant, Edmond B. Smith, Jr., Esquire, attorney for claimant, shall receive $1,125.00 for services as claimant's counsel.

In addition, the defendant shall reimburse claimant's counsel for the following costs:

| Dr. Gilmore, deposition fee | $350.00 |
| Transcript of Dr. Gilmore's testimony | $45.20 |
| Transcript of Dr. Failla's testimony | $17.60 |
| Total | $412.80 |