Harold W. Bailey, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Auto Rental Company and Reliance Insurance Company, Respondents.

Argued June 5, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*C. Robert Keenan, III,* with him *Robert W. Murdoch,* for respondent, Auto Rental Company.

OPINION BY JUDGE ROGERS, July 6, 1981:

Harold Bailey (claimant) was employed by Auto Rental Company (employer) as a truck mechanic when on August 5, 1975, he injured his back while lifting an eighty pound truck transmission at work. The claim-

ant was compensated by the employer for total disability from that date until March 18, 1977, when the employer had the claimant examined by Dr. Roy S. Temeles who signed an affidavit stating that Mr. Bailey could return to work. The employer then filed a termination petition and was granted an automatic suspension of compensation.[1]

Dr. Temeles, who testified by deposition for Auto Rental, stated that Mr. Bailey had a congenital weakness in the structure of his back, which weakness had predisposed the claimant to the work injury of August 5, 1975. Dr. Temeles concluded that, as of March 18, 1977, the claimant had completely recovered from whatever disability was the result of the August 5, 1975 injury but that the claimant still had the same back weakness he had had before the work injury and therefore would be vulnerable to reinjury if he returned to his job. However, Dr. Temeles added that the claimant could reinjure his back doing something as undemanding as tying his shoe.

Dr. James Ballantyne, who was the treating physician, testified, also by deposition, that the claimant had a congenital back weakness which had been aggravated by the claimant's work injury to the extent that the claimant could no longer perform his former work involving heavy lifting. The referee, finding that Dr. Temeles' testimony was the more credible of the two medical experts, found as fact that all of the claimant's disability resulting from the work-related injury of August 5, 1975, ceased as of March 18, 1977, and that the claimant was able, without limitation, to return to his former occupation on that date. The claimant appealed and the Workmen's Compensation Appeal Board affirmed.

---

[1] *See* Section 413(b) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §774.

In a termination petition proceeding, the employer has the burden of proving that the disability for which it has agreed to pay compensation has ceased. *Walther v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 122, 388 A.2d 1166 (1978). Since the employer prevailed in the administrative process, review by this court is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.*, 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976). The claimant argues that the referee's finding that the claimant could return to work without limitation is not supported by substantial evidence since Auto Rental failed to meet its burden, with the medical evidence it presented, of showing that all of the claimant's disability had ceased.

Dr. Temeles' testimony included the following statement about the claimant's physical condition: "He has always had an unstable back, and the instability did not stem from his accident of August, 1975. It antedated that as it will in the future, postdate that." The central point of Dr. Temeles' testimony is that the condition of the claimant's back is the same now as it was before the work injury. When the claimant was injured at work he was temporarily totally disabled as a result of that injury. But, as of March 18, 1977, all disability related to the work injury had cleared up and the claimant was back to having a congenital back weakness making him susceptible to injuries just as he had before August 5, 1975. The referee believed this testimony and determinations of credibility will not be disturbed by this court on review. *Costanzo v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 249, 410 A.2d 967 (1980).

This case is distinguishable from *K-Mart v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 497, 423 A.2d 804 (1980) and *Workmen's Compensation Appeal Board v. State Workmen's Insurance Fund,* 19 Pa. Commonwealth Ct. 605, 339 A. 2d 158 (1975). In *K-Mart* a claimant with no previous back problems was injured while lifting a transmission at work. The claimant's medical expert testified that as a result of the work injury, the claimant would almost certainly reinjure his back if he attempted to resume his former job duties. The referee believed this testimony and found that all disability related to the work injury had not ceased.

In *State Workmen's Insurance Fund, supra,* the claimant, as the claimant here, had a congenital anomaly in her back rendering her susceptible to back injury. The claimant's medical expert stated that the injury caused by heavy lifting at work had triggered the back weakness and aggravated it to the degree that the claimant was not physically capable of performing the duties of her employment. The referee found this testimony to be credible and awarded benefits. We held that a preexisting condition which makes a claimant more susceptible to a work injury will not defeat an award of benefits for disability due to work injury.

In the present case the claimant received benefits while he was disabled as a result of his work injury. When all disability related to that injury ceased, the claimant was no longer entitled to benefits despite the fact that he continued to have the same trouble that had predisposed him to injure himself at work. In this case, the referee, as was his prerogative, simply did not believe the testimony offered to show that the claimant's back condition remained worse by reason of the work injury.

The claimant's argument that the fact that he was awarded Social Security disability benefits at about

the time Dr. Temeles pronounced him able to return to work should somehow command a determination in his favor in this case is without merit. Disability as defined by the Social Security Act, 42 U.S.C. §416(i), does not include consideration of whether the disability resulted from an injury at work and, as this record shows, a doctor other than those involved in this proceeding examined the claimant for the Social Security authorities.

Order affirmed.

## ORDER

AND Now, this 6th day of July, 1981, the order of the Board affirming the referee's order of termination of benefits to Harold Bailey is affirmed.