Pneumatic Concrete, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Willie Pringle, Respondents.

Argued June 1, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Susan J. Poll,* with her *John F. McElvenny,* for petitioner.

*George J. O'Neill,* for respondent, Willie Pringle.

OPINION BY JUDGE ROGERS, July 7, 1981:

The issue of this appeal is whether the Workmen's Compensation Appeal Board erred in requiring Willie Pringle's employer to pay his attorney's fees.

Pringle, a general laborer for Pneumatic Concrete, injured his back on September 17, 1977, while lifting a cement mixer. On May 10, 1978, Dr. Parviz Kambin examined the claimant and executed an affidavit asserting that Pringle was recovered and that he could return to his job, but with the limitation that he avoid lifting. The employer then filed a petition for termination and had a supersedeas on the basis of the affidavit. On July 28, 1978, Referee Stander entered an interlocutory order directing the petitioner to pay the claimant compensation from May 10, 1978, until further order of the referee by reason of the limitation appearing in the affidavit.

Dr. Kambin's deposition for the employer was to the effect that all disability due to the injury of September 17, 1977, had ceased, but that the claimant continued to suffer, as he had before the injury, from degenerative arthritis which made lifting a hazardous activity for the claimant, likely to result in further injuries. The deposition of Dr. J. B. DeMoura for the claimant was to the effect that as a result of the injury on September 17, 1977, the claimant had two large herniated discs which continued to render him totally disabled to perform the duties of his job.

Referee Stander found that the claimant's disability had not ceased and dismissed the employer's petition for termination. The referee made no findings or conclusions on the subject of whether the claimant should receive attorney's fees. By order, Referee Stander granted the claimant's attorney a counsel fee of 20 per cent of the entire award "payable solely out of claimant's share."

The claimant appealed seeking an award of attorney's fees from his employer and the Appeal Board directed the employer to pay it. We reverse the Appeal Board's order.

Section 440 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §996 states:

In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee. . . . Provided, that cost for attorney fees may be excluded when a reasonable basis for the contest has been established.

We have held that no reasonable basis for contest exists ''where no conflicting medical evidence was presented regarding the 'contested' issues of the claimant's disability and his continued treatment for an injury.'' *Poli v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 630, 634, 384 A.2d 596, 598 (1978); *Edmond v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 458, 460, 402 A.2d 715, 716 (1979). The Appeal Board apparently looked only at Dr. Kambin's affidavit in arriving at its conclusion that all of the medical evidence confirmed that the claimant's work-related disability continued. On the contrary, Dr. Kambin's testimony was to the effect that the claimant's remaining disability was due not to his injury but to a pre-injury condition which continued after the work injury was completely healed and its effects gone. In our recent case of *Bailey v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 338, 431 A.2d 1114 (1981) similar evidence was made the basis of findings supporting the grant of the prayer of an employer's termination petition. We agree with the conclusion implicit in Referee Stander's order requiring the claimant's attorney fees to be paid out of his award that this employer's contest was reasonably based.

The Workmen's Compensation Appeal Board's order insofar as it directs attorney's fees to be paid by the employer is reversed; it is otherwise affirmed.

### Order

And Now, this 7th day of July, 1981, the Workmen's Compensation Appeal Board's order insofar as it directs the respondents to pay the petitioner's attorney's fees is reversed; no other question concerning the Appeal Board's order having been raised in this appeal, it is otherwise perfunctorily affirmed.