541 A.2d 60

Richard L. Monaci, Petitioner *v.* Workmen's Compensation Appeal Board (Ward Trucking and Transport Insurance Company), Respondents.

Argued March 24, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James R. Schmitt, Will, Keisling, Ganassi & McCloskey,* for petitioner.

*Roy F. Walters,* with him, *Michael D. Sherman, Fried, Kane, Walters & Zuschlag,* for respondent, Ward Trucking Company.

OPINION BY JUDGE CRAIG, May 13, 1988:

Richard Monaci appeals an order of the Workmen's Compensation Appeal Board, affirming a referee's decision terminating benefits Monaci received as a result of an injury he suffered while employed by Ward Trucking.

Monaci raises two issues for this court's consideration. The first issue is whether the referee erred in failing to admit into evidence, at the termination proceeding, a Social Security Administration (SSA) decision that determined that Monaci was disabled and entitled to benefits under the Social Security Act.[1] The second issue is whether the board abused its discretion in failing to grant Monaci's request for a remand based on after-discovered evidence. Because we conclude that the referee properly refused to admit the Social Security Administration decision, and that the board did not abuse its discretion in failing to grant a remand, we affirm.

The facts are undisputed. On April 25, 1978, Monaci suffered a back injury while employed by Ward

---

[1] 42 U.S.C. §401-431.

Trucking, and was awarded workmen's compensation benefits effective May 4, 1978.

On January 26, 1982, Ward filed a petition for termination of benefits effective on that date. Both sides submitted depositions and evidence, and on November 10, 1983, Monaci's counsel moved to admit into evidence a decision of the SSA granting Monaci disability benefits under the Social Security Act. Ward objected to this admission of the SSA decision and the referee sustained Ward's objection.

On May 3, 1984, the referee granted Ward's petition and terminated Monaci's workmen's compensation benefits effective October 31, 1981, concluding that any disability suffered by Monaci subsequent to October 31, 1981 did not result from the work accident on April 25, 1978. Monaci appealed this decision to the board, and asserted that the referee erred in failing to admit the SSA decision into evidence. On November 13, 1984, Monaci requested that the board remand the case to the referee in light of a CAT scan performed on July 14, 1984. The board affirmed the referee's termination of benefits on March 19, 1986.

Because the employer prevailed in the administrative process, our scope of review is limited to a determination of whether constitutional rights were violated, or an error of law was committed and whether the necessary findings of fact were supported by substantial evidence. *Mancini v. Workmen's Compensation Appeal Board (Saldutti & Belfatti)*, 64 Pa. Commonwealth Ct. 484, 440 A.2d 1275 (1982).

1.

Monaci asserts that the SSA's determination of disability under the Social Security Act was relevant to a determination of disability in his workmen's compensation case; therefore, the referee erred in not admitting that relevant evidence.

Evidence is relevant if it tends to establish facts in issue. *Murphy v. Department of Public Welfare,* 85 Pa. Commonwealth Ct. 23, 480 A.2d 382 (1984).

Under the Social Security Act, a claimant must show an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

Section 223 of the Social Security Act, 42 U.S.C. §423.

The Pennsylvania Workmen's Compensation Act requires that a claimant show that his disability is *work related.* Section 301(c) of the Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411, provides:

> The terms 'injury' and 'personal injury' as used in this act shall be construed to mean an injury to an employee . . . *arising in the course of his employment and related thereto.* (Emphasis added.)

Moreover, this court has stated, "[d]isability as defined by the Social Security Act, 42 U.S.C. §416(i), does not include consideration of whether the disability resulted from an injury at work. . . ." *Bailey v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 338, 342, 431 A.2d 1114, 1116 (1981).

Therefore, a determination of disability by the SSA is not relevant to prove the fact at issue in this case, namely, whether Monaci's disability after October 31, 1981, resulted from his work-related injury on April 25, 1978.

Accordingly, we conclude that the referee did not commit an error of law in failing to admit into evidence the SSA decision.

2.

Monaci asserts that the board erred in refusing to grant a rehearing based on the result of a CAT scan conducted on Monaci on July 14, 1984. Because the test was not conducted until two months after the decision of the referee, Monaci asserts that it constitutes evidence that was not available at the time the case was pending before the referee.

The grant or denial of a rehearing is left to the discretion of the board and this court will not disturb that decision absent a clear abuse of discretion. *Douglas v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 156, 377 A.2d 1300 (1977).

Our Supreme Court has recently reaffirmed the broad discretion to be afforded to the board's decision regarding the grant or denial of a rehearing. *Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988).[2] In *Cudo,* the court stated that in considering whether or not to grant a rehearing, based on after-discovered evidence, the board is not bound to the "standards that are employed by the *courts* in determining whether to grant a new trial on the basis of after dis-

---

[2] In *Cudo,* the referee awarded benefits to the claimant. During the hearing before the board, the claimant requested that the case be remanded for further hearings on medical causation, the board refused this request and reversed the decision of the referee finding the testimony to be equivocal as to causation. Some time later the claimant filed a petition for rehearing based on alleged after discovered evidence. The board acknowledged that the evidence was available at the time of the hearing and could have been discovered with due diligence. Nonetheless, "in the interests of justice," the board granted a rehearing. Following the rehearing the referee awarded benefits and the board affirmed. The employer appealed and this court reversed, stating that the board abused its discretion in granting a rehearing. *Cudo v. Workmen's Compensation Appeal Board (Hallstead Foundry),* Pa. at , 539 A.2d at 792 (1988).

covered evidence." *Id.* 517 Pa. at 558, 539 A.2d at 794. (Emphasis in original.) The court stated that it is within the board's broad powers to grant a rehearing "when justice requires." *Id.* 517 Pa. at 557, 539 A.2d at 794.

In this case, the basis of Monaci's request for a rehearing is a CAT scan that merely reflects that, in July 1984, Monaci had a disc herniation. Evidence of a disc herniation in July, 1984 is not relevant evidence because it does not tend to prove or disprove that Monaci's work-related disability terminated in October 1981.

Because Monaci's request for a new hearing is based on irrelevant evidence, we conclude that justice did not require a rehearing; therefore, the board did not abuse its discretion in failing to grant a rehearing.

Accordingly, we affirm.

### ORDER

Now, May 13, 1988, the order of the Workmen's Compensation Appeal Board, No. A-88242, dated March 19, 1986, is affirmed.