**Tim MUCHNOK, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CONSOLIDATED COAL CO.), Respondent. (Two Cases).**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 16, 1998.

Decided Dec. 30, 1998.

Reargument Denied Feb. 18, 1999.

Gary D. Monaghan, Uniontown, for petitioner.

Michael W. Zimecki, Pittsburgh, for respondent.

Before COLINS, President Judge, and SMITH, J., and MIRARCHI, Jr., Senior Judge.

COLINS, President Judge.

Tim Muchnok petitions for review of the Workers' Compensation Appeal Board's order reversing in part a workers' compensation judge's (judge) denial of Consolidation Coal Company's (Employer) petitions to terminate/suspend benefits and to review medical treatment. In reversing the judge in part, the Board granted a suspension of benefits.

Muchnok was injured in April 1992 during the course of his employment as a foreman with Consolidation Coal Company when he tripped over a motor cover and fell against a coal wall. Pursuant to a notice of compensation payable, the Employer paid Muchnok benefits for his injury, a bruised neck and shoulder. Payments were suspended by supplemental agreement in July 1992, but were reinstated by another supplemental agreement in August 1992. In its petitions, the Employer alleged that, based on the results of an independent medical examination, Muchnok was no longer in need of medical treatment and could return to work without medical restriction as of March 15, 1993, and that Muchnok failed to report for work.

Based on the medical testimony of chiropractor Dr. Eric Easton,[1] the judge found

---

1. Dr. Easton examined Muchnok at the judge's request, presumably to help resolve conflicting medical evidence. The Employer presented the medical testimony of neurologist, Dr. Edward Williamson, who examined Muchnok in March 1993. Dr. Williamson testified by deposition that Muchnok was completely recovered from his work-related injury and that he could find no objective findings to corroborate Muchnok's complaints. He opined that Muchnok could return to his pre-injury job without limitation. In opposition to the petitions, Muchnok presented the deposition testimony of his treating chiropractor, Dr. Garrett Breakiron, who stated that

that Muchnok was partially disabled and could return to work, but not in his former position, which, because of the vertical space limitations of an underground mine, required him to bend forward as he moved through the mine. Because, the judge concluded, the Employer had not produced evidence that work was available within Muchnok's limitations, he denied the Employer's petition to suspend benefits. The judge denied the Employer's petition to review medical benefits on the basis of Dr. Easton's testimony that Muchnok's treatment was reasonable and necessary. The Employer and Muchnok cross-appealed, and the Board reversed as to the suspension of benefits after concluding that a suspension is proper when the evidence indicates that a claimant cannot return to his or her former position because of the likelihood that the requirements of the pre-injury position would cause his disability to recur.

On appeal[2] to this Court, Muchnok argues 1) that the evidence of record does not support a conclusion that his disability decreased to partial disability, and 2) that suspension of benefits is not proper absent proof of job availability.

 In order to terminate benefits, the employer must prove that all disability related to the claimant's compensable injury has ceased. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990). Where the claimant complains of continued pain, the employer's burden is met when its medical expert testifies unequivocally that the claimant is fully recovered and can return to work without restriction and that no objective medical findings substantiate the claims of pain or connect them to the work-related injury; if the judge credits this testimony, termination of benefits is proper. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 550 Pa. 319, 705 A.2d 1290 (1997). In this case, the judge did not

credit the medical testimony of the Employer's witness, Dr. Williamson, or the testimony of Muchnok's chiropractor, Dr. Breakiron. Rather, the judge credited the medical testimony of Dr. Easton, who testified that he found no objective medical findings of any disability and who placed no limitations on Muchnok's ability to work with the exception that he not return to work in the "compromised quarters" of the mine. Because Dr. Easton did not state that Muchnok was "fully recovered" from his work-related injury, the judge concluded that Muchnok's total disability changed to a partial disability. Dr. Easton's testimony amply supports the judge's conclusion.

 A suspension of benefits is appropriate when a claimant has recovered from his work-related disability to the extent that he can return to his pre-injury job or to another job with no loss of earnings and where it is demonstrated that such a job is actually available. *Mancini's Bakery v. Workmen's Compensation Appeal Board (Leone)*, 155 Pa.Cmwlth. 641, 625 A.2d 1308 (Pa.Cmwlth. 1993). The medical evidence accepted by the judge demonstrates that Muchnok has no objective findings of disability—that is, he has recovered to the extent that he can return to his pre-injury job—and that the job was actually available. Citing *Mancini's Bakery* and *Bailey v. Workmen's Compensation Appeal Board*, 60 Pa.Cmwlth. 338, 431 A.2d 1114 (Pa.Cmwlth.1981), the Board concluded that a suspension of benefits was proper where the evidence of record indicates that the claimant should not return to his former position because of the likelihood that his disability would recur.

 After reviewing the case law in this area, we agree with Muchnok that the Board erred in relying on *Mancini's Bakery* and *Bailey* in suspending his benefits. The facts in *Mancini's Bakery* and *Bailey* are not analogous to this case. *Bailey* involved a

Muchnok suffers from cervicobrachial syndrome, intervertebral disc syndrome, lumbosacral disorder, and neuritis. Dr. Breakiron opined that Muchnok could return to work with the limitation of only occasional lifting of no more than 50 lbs., but that he was not capable of returning to his pre-injury position, which forced him to bend forward for hours.

2. Our review is limited to determining whether necessary findings of fact are supported by substantial evidence and whether the judge committed constitutional violations or errors of law. 2 Pa.C.S. §704.

termination petition in which the referee found that all of the claimant's disability caused by his work-related injury had ceased and a congenital weakness in the claimant's back predisposed him to reinjury if he returned to his pre-injury job. In *Mancini's Bakery* the claimant's work-related injury consisted of an aggravation of a pre-existing knee condition from which he completely recovered. In ruling on the claimant's claim petition, the referee awarded benefits for a closed period with a subsequent suspension because the claimant was capable of performing his pre-injury job, but his pre-existing condition made it likely that his disability would recur if he returned to his pre-injury job.[3]

In this case, Muchnok's work-related disability was not caused by a pre-existing condition. Muchnok was injured when he tripped over a motor cover and fell against a coal wall. The credited medical evidence demonstrates that Muchnok has recovered to the extent that he could perform his pre-injury job, except that his pre-injury job requires him to be present in the mine's cramped quarters and to work in a bent-over position for hours. In essence, the proscription against working inside the mine constitutes a bending limitation on the pre-injury job, and the Employer failed to produce evidence that work within Muchnok's medical limitation was actually available.

Accordingly, we reverse the Board's order.

### ORDER

AND NOW, this 30th day of December, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed.

---

**3.** As recently clarified by the Supreme Court, benefits should continue in these cases only where the work environment caused the claimant's disability. *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board (Baxter)*, 550 Pa. 658, 708 A.2d 801 (1998).