# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricko A. Callender, : 
                Petitioner : 

                : 

       v. :   No. 323 C.D. 2021

              :   SUBMITTED:  October 15, 2021

David Elliot Poultry Farm Inc. : 

(Workers' Compensation : 

Appeal Board), : 

             Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**          **FILED:  May 24, 2022**

Claimant, Ricko A. Callender, *pro se*, petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying his claim petition.  We affirm.

Claimant worked for David Elliot Poultry Farm, Inc. (Employer), as a truck driver, which entailed loading, unloading, and delivering boxes of chicken weighing between 80 to 90 pounds.  WCJ's February 7, 2020, Decision, Findings of Fact (F.F.) Nos. 1 and 4(a).  On March 19, 2018, Claimant filed a claim petition

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

under the Workers' Compensation Act[2] alleging he sustained an L5-S1 disc herniation, lumbar sprain/strain on November 30, 2017, while making a delivery for Employer. F.F. No. 1. In its answer, Employer denied the pertinent allegations of the claim petition and raised certain defenses along with a request for all available offsets and credits. *Id.*

At a hearing before the WCJ, Claimant testified that he worked for Employer as a truck driver,[3] delivering boxes of chicken weighing between 80 and 90 pounds. F.F. No. 4(a). He alleged that an injury occurred when he was moving boxes to another pallet and felt a sharp pain in his back. F.F. No. 4(b). Claimant completed his job duties and stated that he did not report the injury to Employer at the time because it was his last scheduled day of work. F.F. No. 4(b) and (c). On December 1, 2017, Claimant returned home to Florida. F.F. No. 4(c). Since that date, he has not been back to Pennsylvania. *Id.* He claimed to have informed Employer of his injury via a text message in February of 2018. F.F. No. 4(f).[4]

In support of his claim petition, Claimant presented the deposition testimony of Donald Sachs, M.D., who is a board-certified neurosurgeon. F.F. No. 3. Claimant began treating with Dr. Sachs on March 26, 2018. F.F. No. 5(a). Claimant reported that his back pain began in November 2017 and has continued to worsen. *Id.* Diagnostic testing revealed that Claimant had cervical disc displacement; multiple disc herniations, bulging, and narrowing of the thoracic spine; and disc herniations and bulging of the lumbar spine. F.F. No. 5(b). Dr. Sachs recommended that Claimant undergo surgery and, on September 20, 2018,

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041, 2501-2710.

[3] Claimant was a temporary replacement driver. (WCJ Decision, F.F. No. 4(d) n.1.)

[4] Employer submitted two text messages received from Claimant from February of 2018. Neither text mentions any work injury. (WCJ Decision, F.F. No. 4(f) n.2.)

2

performed a "[t]wo[-]level cervical discectomy and disc arthroplasty." F.F. No. 5(f). Following the surgery, Claimant continued to complain of back pain; however, his physical examination showed no significant findings. F.F. No. 5(g).

On cross-examination, Dr. Sachs acknowledged that he had not reviewed any of Claimant's prior medical records. F.F. No. 5(h). When Claimant first treated with him, Claimant did not report any prior history of automobile accidents, back injuries, or numbness/tingling in his lower extremities.[5] F.F. No. 5(j). Claimant also did not complain of neck pain at the initial visit. Dr. Sachs stated that Claimant's neurologic findings had "potentially non-traumatic causes" and that his pain symptoms were "out of proportion" to his medical issues. F.F. No. 5(k) and (l).

Employer presented the deposition testimony of board-certified orthopedic surgeon Michael Broom, M.D. Dr. Broom reviewed Claimant's medical history, noting that following a 2012 tractor-trailer accident, Claimant suffered from chronic low back pain. F.F. No. 6(b). Claimant also had a prior history of numbness and tingling in his fingers. *Id.* On September 13, 2018, Dr. Broom examined Claimant and diagnosed him with cervical degeneration and stenosis unrelated to any work injury or work event. F.F. No. 6(h).

Employer also offered the deposition testimony of Shlomo Fink, Employer's chief financial officer, and Yehudah Fink, a team manager. F.F. Nos. 7, 11. Shlomo contacted Claimant by text message on February 27, 2018, to inquire about whether Claimant remained available as a replacement driver, to which Claimant responded that he remained available and did not mention his work injury. F.F. No. 8. Then, in March of 2018, Claimant sent Shlomo a text message stating

---

[5] On August 22, 2018, Claimant did report that he was in an automobile accident prior to the alleged work injury. WCJ Decision, F.F. No. 5(e).

3

that Claimant was no longer available to drive because he was having back problems. *Id.* Yehudah testified that Claimant sent him an email on March 5, 2018, stating that he suffered a back injury at work on November 30, 2017, and would be filing a workers' compensation claim. F.F. No. 11. Yehudah forwarded the email to Shlomo, who reported the claim to Employer's workers' compensation carrier. F.F. Nos. 7, 11.

The WCJ rejected the testimony of Claimant as inconsistent and found the testimony of Dr. Broom to be more credible and more persuasive than the testimony of Dr. Sachs. F.F. Nos. 16, 19. The WCJ also found the testimony of both Shlomo and Yehudah Fink to be credible and persuasive. F.F. No. 17. The WCJ concluded that even if Claimant experienced back pain on November 30, 2017, there was no credible, unequivocal evidence of record connecting that event to his subsequent medical treatment. Accordingly, the WCJ denied the claim petition. The Board affirmed[6] and Claimant's petition for review to this Court followed.

Before this Court, Claimant raises essentially two issues for our review: (1) whether the Board committed "reversible error by refusing to consider [Claimant's] Social Security Disability Decision[,]" and (2) whether the Board erred by refusing to accept that the facts of this case establish the existence of a work injury. Claimant's position is without merit.

In response to Claimant's first argument, an appellate court cannot consider evidence that was not part of the record before the administrative agency. *Anam v. Workmen's Comp. Appeal Bd. (Hahnemann)*, 537 A.2d 932, 934 (Pa. Cmwlth. 1988). Claimant argues he has been declared disabled by the Social Security Administration (SSA), but the SSA's October 24, 2019 decision declaring

---

[6] Claimant was represented by counsel before the WCJ but appealed to the Board *pro se*.

4

him disabled was never made a part of the administrative agency record in this matter. Because the SSA's decision declaring Claimant disabled was not made part of the certified record before the WCJ, this Court cannot now consider it.

Regardless, however, a determination of disability by the SSA is not relevant to prove whether a claimant's disability resulted from an alleged work-related injury. *Monaci v. Workmen's Comp. Appeal Bd. (Ward Trucking)*, 541 A.2d 60, 62 (Pa. Cmwlth. 1988). The SSA determines whether a claimant is mentally or physically disabled, not whether a claimant's disability resulted from a work-related injury. *Id.* Thus, Claimant's SSA disability status is irrelevant in this proceeding.

Turning to the merits, it is the claimant who bears the burden of establishing his right to compensation and all of the elements necessary to support an award of benefits, including proof that he sustained a compensable injury in the course and scope of employment and that he is disabled as a result of that injury. *Milner v. Workers' Comp. Appeal Bd. (Main Line Endoscopy Ctr.)*, 995 A.2d 492, 496 (Pa. Cmwlth. 2010). Where there is no obvious causal connection between an alleged injury and a work-related cause, unequivocal medical testimony is necessary to establish that connection. *Cromie v. Workmen's Comp. Appeal Bd. (Anchor Hocking Corp.)*, 600 A.2d 677, 679 (Pa. Cmwlth. 1991).

Here, the WCJ concluded that Claimant failed to meet his burden of proving a work injury occurred at all, finding Claimant to be a "poor historian" and that his "testimony was inconsistent both internally and with the medical records submitted in conjunction with the transcripts of the deposition testimony of the medical experts." F.F. No. 16. The WCJ also found that Claimant failed to mention his injury in numerous communications that he had with Employer over the course of several months and that Claimant, when he did communicate his alleged injury

5

with Employer, admitted to having had back pain for years. *Id.* Because of Claimant's inconsistent testimony, the WCJ did not find Claimant to be credible. Claimant, therefore, failed to establish proof that he sustained a compensable work injury in the first place.

Moreover, the WCJ found no unequivocal medical testimony that Claimant's medical impairments resulted from his work. The WCJ deemed the testimony of Dr. Sachs credible but not persuasive in light of his reliance upon the inconsistent history provided by Claimant. F.F. No. 18. The WCJ also observed that Dr. Sachs had not reviewed Claimant's medical records from several other doctors with whom Claimant had treated. F.F. No. 5(h).

The WCJ deemed the testimony of Dr. Broom credible and more persuasive than the testimony of Dr. Sachs, finding that Dr. Broom's opinions were "supported by the results of objective diagnostic studies and . . . documented medical history admitted to by Claimant as well as the descriptions provided to [Claimant's other doctors] reporting the onset of [Claimant's] symptoms as gradual and worsening over a period of years with no acute trauma, injury, or specific precipitating event noted." F.F. No. 19. For these reasons, the WCJ concluded that "[e]ven assuming Claimant experienced back pain on November 30, 2017, there is simply no credible, unequivocal evidence in the record to establish a link between any such event and Claimant's subsequent treatment, including surgery performed by Dr. Sachs." WCJ Decision, at p.11.

Claimant's arguments reflect that he is urging this Court to reweigh the testimony and disturb the WCJ's credibility determinations. It is well established that a WCJ, as the ultimate fact finder, is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Milner*, 995 A.2d at 496.

6

Determinations of credibility and evidentiary weight are within the WCJ's exclusive province. *Ward v. Workers' Comp. Appeal Bd. (City of Phila.)*, 966 A.2d 1159, 1164 (Pa. Cmwlth. 2009).

Moreover, it is well established that "the fact that one party to a proceeding may view testimony differently is not grounds for reversal if substantial evidence supports the lower tribunal's findings." *Second Breath v. Workers' Comp. Appeal Bd. (Gurski)*, 799 A.2d 892, 899 (Pa. Cmwlth. 2002). Although the present case is one in which the grounds for Claimant's appeal primarily consist of requests to reweigh the evidence and disturb credibility determinations, we nonetheless find substantial evidence to support the WCJ's factual findings.[7]

Accordingly, we affirm.[8]

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[7] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rife v. Workers' Comp. Appeal Bd. (Whitetail Ski Co.)*, 812 A.2d 750, 754 (Pa. Cmwlth. 2002).

[8] In April 2022, Claimant belatedly filed a Motion to Transfer and Stay requesting that we transfer the appeal to an unspecified venue in New York state. We decline to consider his vague and untimely request. The motion is dismissed as moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricko A. Callender,            :
           Petitioner       :
           :
      v.                 :    No. 323 C.D. 2021
           :
David Elliot Poultry Farm Inc.    :
(Workers' Compensation        :
Appeal Board),             :
           Respondent    :

# O R D E R

AND NOW, this 24th day of May, 2022, the February 5, 2021 order of the Workers' Compensation Appeal Board is hereby AFFIRMED. Further, Claimant's Motion to Transfer and Stay is DISMISSED as moot.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita