Opinion by
Judge Blatt,
Rosalind Pavey (claimant) was employed by Holiday Universal Health Club (employer) as an instructor when, on January 18, 1971 she was allegedly injured while demonstrating an exercise machine to new club members. The machine, a “lateral pulldown,” requires its user to pull weights, and, on the particular day in question, it was accidentally overloaded with 180 pounds so that the claimant sustained muscle injuries to her back and shoulders in attempting to demonstrate it. On April 28, 1971, she filed a workmen’s compensation claim assert *609 ing her right to benefits under the Workmen’s Compensation Act.[1] The employer denied the allegations of the petition, and, after hearings were conducted, the referee awarded benefits on March 7, 1974 for total disability at the rate of $60 per week from January 27, 1971 until April 11, 1972 and for partial disability at the rate of $45 per week from that date forward. The employer appealed to the Workmen’s Compensation Appeal Board (Board) which affirmed the referee. The employer has now appealed to this Court.
The employer’s brief is mostly devoted to a discussion of the medical testimony. It cites the testimony of Dr. Leonard Klinghoffer who testified for the employer and who indicated that in his opinion whatever pain the claimant was experiencing could be attributable to a congenital anomaly in the low back rather than to the alleged accident. The employer also quotes the testimony of Dr. Oscar Corn who treated the claimant and who testified for her. As the employer shows, Dr. Corn acknowledged the existence of the congenital condition but he also stated that in his opinion this condition was not the cause of the claimant’s troubles but that the injury which she sustained on January 18, 1971 was the aggravating factor. The referee made the following finding as to the causation element:
“2. The nature and cause of the injury were a chronic lumbosacral sprain, aggravating a preexisting congenital anomaly of the area comprising the 5th Lumbar - First Sacral Segments of the spine resulting in an unstable low back caused when claimant, while demonstrating an exercise machine to a new club member, pulled on the lateral pulldowns which were accidentally excessively weighted thereby causing the injury aforesaid.”
*610 The referee apparently believed Dr. Corn and, therefore, concluded that the alleged accident of January 18 was the immediate cause of the claimant’s back problems. It is within the reviewing authority neither of the Board nor of this Court to disturb that finding. Under the 1972 amendments to the Workmen’s Compensation Act, the ultimate fact finder is now the referee who must determine questions of credibility and evidentiary weight. The Board and a reviewing court must rely on facts found by the referee, if they are supported by sufficient competent evidence. Tioga Textiles Associates, Inc. v. Workmen’s Compensation Appeal Board, 18 Pa. Commonwealth Ct. 492, 319 A.2d 211 (1974). It is clearly the role of the referee to resolve the conflict which arises when there is competent evidence to support either of two medical theories of causation. Cole Steel Equipment Corporation v. Workmen’s Compensation Appeal Board, 14 Pa. Commonwealth Ct. 454, 322 A.2d 743 (1974).
It is also well established that, where the claimant’s injury is due to some mishap or accident, the fact that he had some preexisting condition which renders him more susceptible to the injury will not defeat his right to recovery. McCann v. Cross Brothers Meat Packers, Inc., 205 Pa. Superior Ct. 255, 208 A.2d 887 (1965); Lieberman v. Sunray Drug Company, 204 Pa. Superior Ct. 348, 204 A.2d 783 (1964), cert. denied 382 U.S. 819 (1965). Even if the claimant’s congenital anomaly here, therefore,- rendered her more susceptible to back injury, that will not prevent her from receiving benefits, for the accident on January 18 was found by the referee to be the cause of her injury.
Finally, we must affirm the referee’s finding of total disability from January 27, 1971 to April 11, 1972 on the basis that the claimant established that she could no longer perform her job as gym instructor, a position which obviously involved some strenuous physical activity. Once any claimant has discharged his burden of *611 proving that, because of his injury, he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of obtaining. Barrett v. Otis Elevator Company, 431 Pa. 446, 246 A.2d 668 (1968). Where the injured person can perform only work specially fitted to his physical condition, the burden is on the employer to show that such work is in fact within reach and absent such proof the claimant must be compensated as for total disability. See United States Steel Corporation v. Workmen’s Compensation Appeal Board, 10 Pa. Commonwealth Ct. 67, 308 A.2d 200 (1973). The claimant here had previously been a dancing instructor and, as she testified, “... I was 'always into doing physical things and I can no longer do them since the accident.” All the evidence which tended to show that she could perform light work and that some light work might be available related to the period after April of 1972 and thus the employer did not sustain its burden as to the time prior thereto.
We, therefore, affirm the order of the Board and issue the following
Order
And Now, this 11th day of June, 1975, the Holiday Universal Health Club, and/or the State Workmen’s Insurance Fund, are directed to pay to the claimant, Rosalind Pavey, compensation for total disability at the rate of $60.00 per week, beginning January 27, 1971 and continuing thereafter up to but not including April 11, 1972.
Compensation for partial disability shall be paid at the rate of $45.00 per week, beginning April 11,1972 and continuing for a period not exceeding 500 weeks.
Interest at the rate of 6 % per annum on all deferred amounts of compensation shall be payable hereunder, in accordance with the provisions of the Act.

. Act of June 2, 1915, P.L. 736, as amended, Section 101 et seq., 77 P.S. §1 et seq.