Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Braden Wilson, Respondents.

510

Argued May 5, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Ralph A. Davies,* with him *Scott E. Becker, Thomson, Rhodes & Grigsby,* for petitioner.

*Benjamin L. Costello,* with him *Margaret D. Blough,* and *Kenneth J. Yablonski,* for respondent, Braden W. Wilson.

OPINION BY JUDGE WILLIAMS, JR., November 13, 1980:

This is an appeal by Republic Steel Corporation (Republic) from an order of the Workmen's Compen-

sation Appeal Board (Board) affirming the referee's dismissal of Republic's termination petition. In this appeal Republic asserts that the referee's decision was based on a capricious disregard of competent evidence.

On November 16, 1976, Republic filed a Petition to Terminate its compensation agreement with respondent Braden Wilson made in consequence of Wilson's 1968 work related injury in one of the appellant's coal mines.[1] The petition alleged that Wilson had sufficiently recovered from the injury to "return to work with certain limitations." The petition also alleged that there was work available to Wilson within his physical capabilities.

After hearings on the termination petition, the referee found that claimant Wilson remained totally and permanently disabled from the 1968 work injury and that he was unable to do *any* work over a long period of time. Based on those findings the referee dismissed Republic's petition; and the Board affirmed that decision.

Republic's assertion of capricious disregard of evidence focuses on part of the testimony of Wilson's own medical witness, Dr. Joseph Novak. Dr. Novak testified, by deposition, that the claimant remained totally and permanently disabled from performing his former occupation of coal miner or any heavy, physical or manual type of labor connected with working in a coal mine.

However, on cross-examination Dr. Novak stated that Wilson could operate a hand lever that controlled a conveyer belt. Based on that testimony and the testimony of a Republic supervisor that such work positions existed with the employer, Republic argues that the referee disregarded competent evidence that there

---

[1] Filed pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§771 *et seq.*

was work available within the claimant's physical limitations.

The employer as the moving party has the burden of showing that the claimant's disability has ended or has been reduced and that (1) work is available to the claimant and (2) claimant is capable of doing such work. *Workmen's Compensation Appeal Board v. Pennsylvania School Boards Association*, 28 Pa. Commonwealth Ct. 618, 369 A.2d 503 (1977).

Moreover, where the referee's decision was against the party with the burden of proof, as it was here, our review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Id.*

In an effort to prove that it had conveyer belt-operator jobs available, Republic offered the testimony of Frank Masney, one of its supervisors. This witness represented that the employer had twelve such positions. However, on cross-examination Masney was asked how many of the twelve positions were *available;* and he gave the following answer:

> *Every job is always filled* but they always come open because job bidding is continual; it's a continual bidding process. When one job is awarded to somebody else, his comes open for the next person. (Emphasis added.)

Assuming, *arguendo,* that the conveyer belt-operator positions at Republic came within the evidenced physical limitations of the claimant, the testimony of Mr. Masney did not satisfy the employer's burden of proving that such a position was available to claimant Braden Wilson.

It is well established that where the injured person can perform only work specially fitted to his physical condition, the burden is on the employer to show that such work *is in fact within reach;* and absent such

proof the claimant must be compensated as for total disability. *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A.2d 891 (1967) ; *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 147, 377 A.2d 1304 (1977) ; *Workmen's Compensation Appeal Board v. State Workmen's Insurance Fund*, 19 Pa. Commonwealth Ct. 605, 339 A.2d 158 (1975). Or, as this Court held in *Pellegrino v. Baldwin-Lima-Hamilton Corp.*, 5 Pa. Commonwealth Ct. 150, 289 A.2d 531 (1972), the employer must prove that work which the claimant is capable of performing is *in fact available to the claimant.*

The testimony of Republic's witness that all of the positions for conveyer-belt operators were filled, at least as of the time he testified, certainly precluded a finding that any such position was *in fact* available to or within reach of claimant Wilson. Although it is true that the employer need not show that a job offer was made, it would seem that there must at least be a present job opening. The job possibility must be more than an abstraction. If there were only one position in existence that met a person's limitations, it could not be said reasonably that the person had a job available to him if the sole existent position was filled.

Accordingly, it is our conclusion that Republic's evidence before the referee was not sufficient to meet its burden of showing that work was available to Braden Wilson. Recognizing our scope of review as delineated in the *Pennsylvania School Boards Association* case, we affirm the order of the Workmen's Compensation Appeal Board.

### Order

And Now, the 13th day of November, 1980, the order of the Workmen's Compensation Appeal Board entered July 26, 1979, at Docket No. A-76498, is affirmed.