### 525 A.2d 883

Teresa Marinelli, Petitioner *v.* Workmen's Compensation Appeal Board (Jetnet Corp.), Respondents.

Argued March 23, 1987, before Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Amiel B. Caramanna, Jr.*, with him, *Alexander J. Pentecost*, for petitioner.

*P. Ronald Cooper, Reding, Rea & Cooper, P.C.*, for respondent, Jetnet Corporation.

OPINION BY JUDGE MACPHAIL, May 15, 1987:

Teresa Marinelli (Claimant) has appealed from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's suspension of workmen's compensation benefits. The sole issue on appeal is whether Jetnet Corporation (Employer) should bear the burden of proving work availability in Italy, where Claimant now resides, or whether proof of available work in the vicinity of Claimant's prior residence in Pennsylvania will suffice. The Board concluded that Employer's burden was satisfied by proof that employment which Claimant was capable of performing was available in the vicinity of Claimant's former residence.

Claimant suffered a work-related back injury on January 31, 1974 for which she received compensation for total disability pursuant to a notice of compensation payable. Claimant, a native of Italy, returned to reside in that country in 1978 following the death of her husband. On June 16, 1980, Employer filed a termination petition alleging that all disability ceased as of May 31, 1980. Following a hearing and acceptance of medical expert depositions, the referee concluded that Claimant remained totally disabled as to her pre-injury job and that Employer had failed to meet its burden of proving work availability in the vicinity of Claimant's current residence in Italy.

On appeal, the Board reversed the referee's conclusion that Employer must show available work in Italy. The Board concluded that Employer's burden of proving work availability had been met through evidence that a position tailored to meet Claimant's physical capabilities was available with Employer. Since adequate wage information was not available regarding that position, however, the Board remanded for a determination of whether Claimant was entitled to partial compensation. On remand, the referee determined that the position which was available to Claimant would result in no loss of wages and, accordingly, ordered her compensation suspended effective May 31, 1980. The Board affirmed this decision and the instant appeal followed.

The issue regarding geographical limitations on an employer's duty to prove available work in cases where the claimant has relocated following a compensable injury has been directly addressed by this Court in *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 147, 377 A.2d 1304 (1977); *see also Oshinski v. Workmen's Compensation Appeal Board (Lincoln Bank),* 86 Pa. Commonwealth Ct. 181, 484 A.2d 225 (1984). In *Yellow Freight,* the claimant moved from the Lancaster area, where he worked at the time of his compensable injury, to Delaware. The employer thereafter filed a termination petition and attempted, unsuccessfully, to establish available employment in Delaware. The employer contended that it should have been given the option of proving job availability in either the vicinity of claimant's former employment or in the area of his new residence.

In ruling on this issue, we first cited the general rule that "[w]here the injured person can perform only work specially fitted to his physical condition, the burden is on the employer to show that such work *is in fact within reach* and absent such proof the claimant must be com-

pensated as for total disability." *Id.* at 150, 377 A.2d at 1306 (quoting *Workmen's Compensation Appeal Board v. State Workmen's Insurance Fund,* 19 Pa. Commonwealth Ct. 605, 609, 339 A.2d 158, 160 (1975)) (emphasis in original). Based on this rule, we concluded that the employer was required to show work availability in the area of the claimant's new residence since work in the Lancaster area could no longer be viewed as "in fact within reach" of claimant. We noted pertinently in *Yellow Freight* that claimant's move to Delaware evidenced neither "a lack of good faith in the move itself [nor] in subsequent attempts to find work within his physical capabilities." *Id.* at 150, 377 A.2d at 1306.

Claimant urges that the rationale in *Yellow Freight* should be applied here to require Employer to establish that available work suited to Claimant's physical condition exists in the vicinity of her current residence in Italy.[1] We believe, however, that to extend the *Yellow Freight* holding to the instant case would cast an undue burden on Employer.

We observe that in *Yellow Freight* there was no dispute regarding the ability, as a practical matter, of the employer to establish the existence of suitable employment in Delaware. In fact, the employer's employment expert testified in that case regarding three jobs which he had located in the vicinity of claimant's new residence.

In the instant case, however, we think that the obvious burden of requiring Employer to prove work availa-

---

[1] We note that the same issue as that presented in the instant case was raised in *Shenango, Inc. v. Workmen's Compensation Appeal Board (Del Brocco),* 67 Pa. Commonwealth Ct. 500, 447 A.2d 717 (1982). The claimant in *Shenango* also moved to Italy following a work-related injury. In that case, we were not required to address the issue of where work availability must be shown since the employer failed to establish available work at either location.

bility in Italy must be considered. We note, in particular, the constraints which exist in terms of distance, language and economic differences which would, in our opinion, unduly increase Employer's burden in establishing work availability. While there is no evidence that Claimant lacked good faith in her decision to return to her native country, we also recognize that her decision to do so was voluntarily made. We do not think the additional burden of litigating a termination petition regarding a claimant who has voluntarily moved to a foreign country should necessarily rest solely with the employer. We, thus, conclude that in the instant case Employer properly satisfied its burden by establishing the existence of available work in the area of Claimant's former residence.

We, accordingly, affirm the Board.[2]

### ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

[2] Our holding is, of course, limited to the facts presented. We render no opinion as to specific geographical limitations on an employer's burden to prove work availability at a claimant's new residence as opposed to his residence at the time of injury.