643 A.2d 151

Giselle MORENO–LEONARDO, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(KOZEL ENGINEERING), Respondent.

KOZEL ENGINEERING, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD
(MORENO–LEONARDO), Respondent.

Commonwealth Court of Pennsylvania.

Submitted Dec. 17, 1993.

Decided May 27, 1994.

Reargument Denied July 22, 1994.

Edward J. Abes, for petitioner/respondent Giselle Moreno–Leonardo.

James B. Hudzik, for respondent/petitioner Kozel Engineering.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Giselle Moreno–Leonardo (Claimant) and Kozel Engineering (Employer) cross-appeal from the March 31, 1993 order of the Workmen's Compensation Appeal Board (Board) which denied Employer's request for a termination or suspension of benefits, granted a modification of benefits, and ordered Employer to pay Claimant's costs of prosecution and to withhold 10% of her benefits and pay the sum directly to Claimant's attorney, pursuant to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

The issues before this Court are whether the referee erred as a matter of law in failing to grant a suspension of benefits when Claimant began law school; whether the Board misapplied the holding in *Dugan v. Workmen's Compensation Appeal Board (Fuller Co. of Catasauqua),* 131 Pa.Commonwealth

Ct. 218, 569 A.2d 1038 (1990) when it determined that Claimant voluntarily removed herself from the work force; whether the referee erred by awarding costs when he found Claimant not credible and modified her benefits; whether the Board erred in affirming the referee's decision that a light-duty position was available to Claimant; and whether the Board erred in affirming the referee's decision to award 10% attorney's fees to Claimant instead of the 20% fee which Claimant and her attorney agreed upon and the referee found to be reasonable.

The facts, as found by the referee, are that Employer hired Claimant in May 1988 for a summer position in Pittsburgh as a construction inspector which required her to climb ladders and over walls, and crawl on her hands and knees while sounding concrete with a hammer. On May 27, 1988, she sustained a work-related back injury and received benefits pursuant to a notice of compensation payable. Before she began working for Employer, Claimant applied to and was accepted by at least two law schools; and in late August 1988, Claimant moved to Philadelphia to attend the University of Pennsylvania School of Law. In September 1989, Employer offered Claimant a light-duty position in Pittsburgh as an engineer trainee, and although Claimant informed Employer that she was available for employment, she did not contact Employer again. Employer and its insurance company filed a petition to terminate, or alternatively, to suspend Claimant's benefits alleging that her disability ceased as of March 8, 1989; she voluntarily removed herself from the work force; and she refused to accept a job made available to her.

Both parties' medical experts agreed that Claimant had not completely recovered, but that she could perform the light-duty job Employer offered. The referee concluded that Claimant voluntarily left the job market in September 1988; denied Employer's request for termination or suspension of benefits; modified Claimant's benefits from $354.60 to $87.93 per week by considering the amount she would have earned had she accepted Employer's light-duty job; and ordered Employer to withhold 10% of Claimant's benefits and pay the sum directly to Claimant's attorney, and to pay Claimant's

costs of prosecution.   The Board affirmed the referee's decision.

## I

This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights were violated.   *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).   Employer argues that the referee erred as a matter of law in failing to grant a suspension of benefits when Claimant began law school because an employee who removes herself from the work force is not entitled to continuing benefits.   Claimant argues that the Board misapplied *Dugan* when it held that she voluntarily removed herself from the work force by moving to Philadelphia to attend law school.

A suspension of benefits is appropriate when a disability exists but does not manifest itself in a loss of earning power.   *Sule v. Workmen's Compensation Appeal Board (Kraft, Inc.)*, 121 Pa.Commonwealth Ct. 242, 550 A.2d 847 (1988), *appeal denied*, 522 Pa. 608, 562 A.2d 829 (1989).   The referee found that Claimant's pre-injury average weekly wage was $531.90, as stated on the notice of compensation payable, and that Claimant's earning power in September 1989 was $400, based upon the job which Employer offered to Claimant.   Since Claimant suffered residual disability as well as a loss of earning power, the referee did not err in denying Employer's petition to suspend benefits.[1]

When a claimant states unequivocally that he or she has no intention of seeking future employment, an employer

---

1.   Employer cites three cases where suspensions were granted to support its argument: *Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa.Commonwealth Ct. 31, 578 A.2d 69 (1990), *appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991); *Dugan;* and *Stewart v. Commonwealth*, 198 Pa.Superior Ct. 261, 182 A.2d 100 (1962).   However, both *Brown* and *Stewart* are inapplicable because the respective claimants suffered no loss in earning power as did Claimant in the case sub judice.

need not prove the availability of employment. *Dugan.* In *Dugan*, the claimant's benefits were suspended because he stated he was retired and had no intention of seeking future employment; however, the facts of *Dugan* are inapposite to those of the present case and do not support Employer's argument that it is entitled to a suspension of benefits or that Claimant removed herself from the work force solely because she attended law school.

Employer next argues that the referee erred in awarding Claimant costs of prosecution because Section 440 of the Act, 77 P.S. § 996, provides that a claimant is entitled to reasonable costs when a contested issue, in whole or in part, is resolved in the claimant's favor; [2] and since the referee concluded that Claimant voluntarily left the job market and failed to pursue an available position, Claimant should not be reimbursed for the costs of litigation.[3]

▮▮▮ Whether an employer's contest is reasonable is a question of law and therefore is properly reviewable by this Court. *Richmond v. Workmen's Compensation Appeal Board (Oxford Chemical, Inc.)*, 110 Pa.Commonwealth Ct. 21, 531

**2.** Section 440 provides in part:

In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established....

In contested cases involving petitions to terminate ... or otherwise modify compensation awards ... where the contested issue, in whole or part, is resolved in favor of the claimant, the claimant shall be entitled to an award of reasonable costs as hereinabove set forth.

**3.** Employer also argues that its contest was reasonable because the referee specifically found that Claimant's testimony was not credible. However, this Court rejected a similar argument in *Majesky v. Workmen's Compensation Appeal Board (Transit America, Inc.)*, 141 Pa.Commonwealth Ct. 398, 595 A.2d 761, *appeal denied*, 529 Pa. 653, 602 A.2d 862 (1991), when it held that the determinative inquiry is whether the contest was prompted to resolve a genuinely disputed issue, not whether a referee decided credibility against an employer's experts.

A.2d 854 (1987). The burden is on the employer to present evidence sufficient to establish a reasonable basis for contesting liability. *Kuney v. Workmen's Compensation Appeal Board (Continental Data Systems)*, 127 Pa.Commonwealth Ct. 628, 562 A.2d 931 (1989), *appeals denied,* 527 Pa. 604, 605, 589 A.2d 694 (1990). Since Employer's medical expert agreed that Claimant suffered from residual disability, Employer had no reasonable basis for filing the termination petition. Moreover, as Employer's termination and suspension petitions were denied, Claimant "succeeded in part" pursuant to Section 440 and the referee did not err in awarding the costs of prosecution to Claimant.

## II

Claimant argues that the Board erred by affirming the referee's decision that the light-duty position Employer offered Claimant was available because it did not meet the second requirement of *Kachinski v. Workmen's Compensation Appeal Board (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). In *Kachinski,* the Pennsylvania Supreme Court established the four-pronged test for the return to work of injured employees:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.* at 252, 532 A.2d at 380. As to the second prong, *Kachinski* further requires the referral to be "available" and states:

[A] position may be found to be actually available, or within the claimant's reach, only if it can be performed by the

claimant, having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, *and other relevant considerations, such as his place of residence.* (Emphasis added.) *Id.*, 516 Pa. at 251, 532 A.2d at 379.

■ This Court has held that absent proof by an employer that suitable work is available to a claimant within the area of his or her residence, the employer has failed to show that work is within the claimant's reach. *Titusville Hospital v. Workmen's Compensation Appeal Board (Ward)*, 122 Pa.Commonwealth Ct. 619, 552 A.2d 365 (1989). However, where a claimant has a transient lifestyle, an employer need only provide referrals in the city in which it is located and where the claimant formerly worked. *Carrasquer v. Workmen's Compensation Appeal Board (Mader's Carpet Cleaners of Pittsburgh, Inc.)*, 124 Pa.Commonwealth Ct. 385, 555 A.2d 1388 (1989).

■ Claimant testified that she applied to eight law schools and was accepted by at least two, including the University of Pennsylvania School of Law and the University of Pittsburgh School of Law. Claimant further testified that she worked as a law clerk in Pittsburgh in the Summer of 1989, accepted a job with a law firm in New York for the Summer of 1990, and would be interviewing for jobs in Philadelphia and New York following her graduation. Due to Claimant's transitory work history, Employer satisfied the second prong of *Kachinski* when it offered her the job in Pittsburgh, the city where she worked at the time of her injury and immediately prior to Employer's offer.

Although college retraining has been recognized as a relevant consideration by this Court,[4] the present case is distinguishable because Claimant testified that she was accepted to the University of Pittsburgh School of Law, but chose to move

---

**4.** *See Burgess v. Workmen's Compensation Appeal Board (Plaza Foods)*, 149 Pa.Commonwealth Ct. 13, 612 A.2d 542, *appeal denied*, 533 Pa. 613, 618 A.2d 403 (1992) (where the job was held to be unavailable because it was offered after the claimant enrolled in a local community college at the suggestion of the Pennsylvania Office of Vocational

to Philadelphia to attend another school. Furthermore, the referee found that after Employer offered the job to Claimant, she stated that she was available for work, but never contacted Employer again. Thus the job offered to Claimant was "available" within the meaning of *Kachinski*, and the referee did not err in modifying Claimant's benefits because she failed to follow through on the offer.

■ Claimant further argues that the Board erred in affirming the referee's order that only 10% should be deducted from Claimant's compensation and paid to her attorney instead of the 20% fee agreed upon by Claimant and her attorney and found to be reasonable by the referee. In *Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 442 A.2d 242 (1982), the Pennsylvania Supreme Court discussed the two statutory sections under the Act regarding attorney's fees and their different purposes:

> Section 442 evidences a legislative intent of protecting claimants against unreasonable fees charged and imposed on them by their attorneys under their own improvident fee agreements. . . . Section 440, on the other hand, shows a legislative intent of protecting claimants against unreasonable contests of a claimant's initial or continuing right to the benefits of the act. . . .

*Id.* at 521, 442 A.2d at 244.

This Court has held in Section 442 cases that when a fee agreement provides for a 20% counsel fee, the referee's sole function is to approve that fee as reasonable per se, *Miller v. Workmen's Compensation Appeal Board (Snyder Memorial Health Care Ctr.),* 149 Pa.Commonwealth Ct. 152, 612 A.2d 625 (1992). The referee found the 20% fee to be reasonable; however, he ordered a 10% fee only, to be withheld from

Rehabilitation; she testified that she was not interested in retraining until she was injured; and the employer did not attempt to establish a work schedule which would accommodate her class schedule); *Williams & Co., Inc. v. Workmen's Compensation Appeal Board,* 39 Pa.Commonwealth Ct. 369, 395 A.2d 1028 (1978) (where the employer was ordered to resume payment of benefits because it repeatedly told the claimant that no light-duty jobs were available, and offered the claimant a light-duty job of "doubtful duration" only after he enrolled in school and paid his tuition).

Claimant's benefits.[5] Accordingly, the order of the Board is reversed as to the attorney's fee which shall be increased from 10% to 20% of Claimant's compensation and paid directly to Claimant's attorney, and affirmed as to the modification of benefits and award of costs of prosecution.

## ORDER

AND NOW, this 27th day of May, 1994 the order of the Workmen's Compensation Appeal Board is reversed as to the award of attorney's fee to be withheld from Claimant's compensation and affirmed as to the modification of benefits and award of costs of prosecution consistent with this opinion.

KELLEY, dissenting.

I respectfully dissent.

Claimant was injured in May of 1988 and, while receiving workers' compensation benefits, enrolled in law school in August of 1988. In September of 1989 employer offered claimant a light-duty job, which she refused, and employer filed the petition for termination or suspension which is the subject of the current proceeding. Even though he found claimant's testimony to be not credible, the referee denied the termination petition, but modified benefits based on the light-duty job offered in September of 1989. The majority writes to affirm this portion of the referee's decision.

This court has previously held that workers' compensation benefits are properly suspended when a claimant has voluntarily withdrawn from the labor market. *Dugan v. Workmen's Compensation Appeal Board (Fuller Co.)*, 131 Pa.Commonwealth Ct. 218, 569 A.2d 1038 (1990). Our Supreme Court recently affirmed this principle in *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

In the present case, the referee specifically found that claimant had voluntarily left the job market in September of 1988. Claimant's own testimony revealed that she had applied to law school and been accepted even before she had started

5. It is conceivable that a typographical error occurred in this regard.

working for employer. Yet, inexplicably the referee declined to suspend benefits.

Just as inexplicably, the majority acknowledges that the referee found that claimant removed herself from the job market in September of 1988 but affirms the denial of the petition for termination or suspension. The majority states that the facts of *Dugan* are inapposite to those of the present case but does not state how they are inapposite.

Based on the referee's finding that claimant had removed herself from the job market, a finding supported by substantial evidence, I would suspend benefits as of September of 1988.