**Frank PELJAE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MRS. SMITH'S FROZEN FOODS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 1995.

Decided Nov. 29, 1995.

James R. Lynch, Jr., for petitioner.

Kirk L. Wolgemuth, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Frank Peljae (Peljae) petitions for review of the May 1, 1995 order of the Workmen's Compensation Appeal Board (Board) that affirmed a workers' compensation judge's (WCJ) decision finding that Mrs. Smith's Frozen Foods (employer) established a reasonable contest in pursuing its petition to suspend or modify benefits, and denying Peljae's request for reasonable attorney's fees.[1]

---

1. Employer also filed a petition to review medical treatment, suspend benefits and review compensation benefits alleging fraudulent conduct by Peljae. This petition was denied by the WCJ, but

In reviewing Board decisions, this Court's scope of review is limited to a determination of whether there was an error of law or abuse of discretion committed, and whether the referee's findings of fact are based upon substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988), *appeal after remand on other grounds*, 143 Pa.Cmwlth. 69, 598 A.2d 602 (1991). In his one issue presented for review, Peljae alleges the Board erred by affirming the WCJ's denial of attorney's fees because employer did not sustain its burden of proving a reasonable contest.

In this case, neither party disputed Peljae's capability of performing light-duty employment. The issues litigated were whether Peljae had indeed retired from the work force, and whether Peljae pursued available employment in good faith. We must examine the record for evidence of a reasonable contest on employer's behalf in light of these issues raised.

The relevant findings of fact are set forth as follows. Peljae worked for employer for approximately twenty-eight years as a truck driver when he suffered a work-related injury in 1989 and filed a claim petition; benefits were subsequently granted in June of 1990. At the time of litigation of the claim petition, Peljae lived in Birdsboro, Pennsylvania. In December of 1990, Peljae moved to Knoxville, Pennsylvania.

On December 28, 1990, employer filed the instant modification of benefits petition, alleging that Peljae had retired from the work force and had refused to apply in good faith to employment referrals. The WCJ denied employer's modification petition, finding that Peljae did not retire from the work force, and that Peljae applied in good faith for employment with a bowling alley in Pottstown and the Agway in Wellsboro, which was forty-two miles from Peljae's home (i.e., eighty-four miles round-trip). There was also evidence of possible employment with a Hess gas station, which was thirty-nine miles from Peljae's home (i.e., seventy-eight miles

round-trip). Peljae testified that he does not drive much because his medication makes him drowsy. Employer presented no evidence pertaining to the distances that the average resident in the Wellsboro area would travel for employment.

The WCJ concluded that employment at the bowling alley in Pottstown was not offered to Peljae, and that employment at the Wellsboro Agway and the Hess station were not actually available to Peljae because the distance from his home placed those employment referrals outside the regional labor market. However, the WCJ concluded that employer's contest was reasonable. The Board agreed, concluding that "[a] job referral which requires a 40 mile commute [i.e., 80 miles round-trip] to a Claimant who lives in Knoxville is not so obviously unreasonable that it would as a matter of law make Defendant's pursuit of modification improper."

■ "Reasonableness of an employer's contest depends upon whether the contest was prompted to resolve a genuinely disputed issue or merely to harass the claimant." *McGuire v. Workmen's Compensation Appeal Board (H.B. Deviney Co.)*, 140 Pa. Cmwlth. 68, 591 A.2d 372, 374 (1991). "[T]he issue of whether there is a reasonable contest for purposes of an award of attorney's fees is a question of law based on an examination of the record subject to our review." *Toy v. Workmen's Compensation Appeal Board (Alltel Pa., Inc.)*, 651 A.2d 701, 703 (Pa. Cmwlth.1994).

Section 440 of the Workers' Compensation Act (Act)[2] allows for a claimant's recovery of reasonable attorney's fees in instances where the claimant is in some way successful in the litigation and has requested attorney's fees, and the employer has not proven a reasonable contest. 77 P.S. § 996(a). In *Eidell v. Workmen's Compensation Appeal Board (Dana Corporation)*, 155 Pa.Cmwlth. 254, 624 A.2d 824 (1993), this Court held as follows:

---

the reasonableness of employer's contest with respect to this petition is not addressed in Peljae's brief. Therefore, the issue is waived.

**2.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996.

When an employer files a petition seeking to either terminate or modify benefits it must have a factual basis for filing the petition. If medical evidence is required the employer must have that evidence at the time the petition is filed. If there is no such factual basis the employer is acting unreasonably in filing the petition. *Because a contest is originally reasonable does not mean that legal conclusion cannot change. Because we decide questions concerning the reasonability of a contest on the totality of the circumstances, facts which occur during the litigation process must be considered in a decision on whether to award attorney's fees.* At the risk of being assessed with an employee's counsel fees, the *employer must at some time present evidence before the record is closed, unless it can offer a valid reason for not presenting evidence.*

*Id.,* 624 A.2d at 828 (citations omitted) (emphasis added).

 As to Peljae's alleged retirement from the work force, we agree that the employer's contest was reasonable because the issue of his retirement was genuinely disputed, and the employer did present evidence of same. However, we agree with Peljae that employer's contest as to Peljae's good faith pursuit of employment was rendered unreasonable because employer did not present evidence to establish that the employment was actually available pursuant to the Act and the case law that the courts of this Commonwealth have divined therefrom.

In *Kachinski v. Workmen's Compensation Appeal Board* (Vepco Constr. Co.), 516 Pa. 240, 532 A.2d 374 (1987), our Supreme Court established a four-pronged test to be used when determining whether a modification of benefits is appropriate in the case of an injured employee's return to work. Our inquiry in this case is confined to the second prong of the *Kachinski* test:

2. The employer *must then produce evidence of a referral (or referrals) to a then open job (or jobs),* which fits in the occupational category in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc.

*Id.* at 252, 532 A.2d at 380 (emphasis added). *Kachinski* further requires that the referral be "available" and states the following:

[A] position may be found to be actually available, or within the claimant's reach, only if it can be performed by the claimant having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, *and other relevant considerations such as his place of residence.*

*Id.* at 251, 532 A.2d at 379 (emphasis added). "This Court has held that absent proof by an employer that suitable work is available to a claimant within the area of his or her residence, the employer has failed to show that work is within the claimant's reach." *Moreno–Leonardo v. Workmen's Compensation Appeal Board (Kozel Engineering),* 164 Pa. Cmwlth. 384, 643 A.2d 151, 154 (1994), *petition for allowance of appeal granted,* 540 Pa. 588, 655 A.2d 518 (1995).

In this case, where employer alleges Peljae did not follow through in good faith on employment located at distances of approximately forty miles from his home in Knoxville (i.e. eighty miles round-trip), it was incumbent upon employer to establish this distance to be within the regional labor market. Employer presented no evidence regarding the distances that workers in the region travelled for employment.

Pursuant to the Supreme Court's holding in *Kachinski* and this Court's interpretation thereof in *Moreno–Leonardo,* employer could not sustain its burden of proving Peljae refused actually available employment without presenting such evidence. Thus, employer failed to present a genuinely disputed issue.

Therefore, we conclude that the Board and the WCJ erred as a matter of law in denying Peljae's request for attorney's fees because employer did not sustain its burden of proving a reasonable contest in this regard. Because employer's contest was unreasonable only as it pertained to employer's modification petition on the basis of Peljae's failure to pursue employment offered at the Wellsboro Agway and the Hess gas station, Peljae is entitled to attorney's fees relating only to that portion of the litigation.

Accordingly, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed, and the matter is remanded to the Board with direction that the case be remanded to the WCJ for a calculation and assessment of reasonable attorney's fees in accordance with this opinion.

## ORDER

**AND NOW**, this 29th day of November, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed, and the matter is remanded to the Workmen's Compensation Appeal Board with direction that the case be remanded to the WCJ for calculation and assessment of reasonable attorney's fees relative to Mrs. Smith's Frozen Foods' modification petition based on Peljae's failure to pursue employment at the Wellsboro Agway and the Hess gas station.

Jurisdiction relinquished.