**USAIR, INC. and Insurance Company of the State of Pennsylvania c/o Alexis, Inc., Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (KEENE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 5, 1997.

Decided Jan. 26, 1998.

Patricia L. Wozniak, Pittsburgh, for petitioners.

Edward J. Abes, Pittsburgh, for respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

USAir, Inc. (Employer) appeals a Workers' Compensation Appeal Board (Board) order that affirmed a Workers' Compensation Judge's (WCJ) decision denying Employer's petition to suspend benefits paid to Gary Keene (Claimant) under Pennsylvania's Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

The WCJ found the following facts. Claimant was working as a flight simulator engineer for Employer in Pittsburgh, Pennsylvania, when he sustained right shoulder and back injuries from a slip and fall in January 1991. He began receiving benefits pursuant to a notice of compensation payable. Employer informed Claimant that he could return to his pre-injury job only if he was "100%," that there were no light duty positions available, and that he was not guaranteed a job even if he was "100%" unless Employer had an opening.

Meanwhile, Claimant's wife was offered a job in New Orleans, Louisiana, which position paid $27,000 more than her salary in the Pittsburgh area. In July 1992, based on that offer, Claimant moved with his wife and

daughter to Destrehan, Louisiana, where he currently resides. No light duty work was available with Employer or was offered by it before Claimant moved.

In February and March 1993, physicians released Claimant to perform a modified simulator engineer position that included lifting and carrying weight restrictions. Employer subsequently offered Claimant a modified duty simulator engineer position at Employer's Pittsburgh location. Claimant refused the position, but offered to accept one in his geographic area. Employer then filed its suspension petition, asserting that work was available to Claimant at the Pittsburgh location.

The WCJ considered the evidence and, in denying the suspension petition, concluded that Employer did not offer Claimant available employment within the meaning of the Act. Specifically, she said Employer had not met its burden of proving work availability in Claimant's geographic area. The WCJ reasoned that Claimant relocated to Louisiana in good faith and that it was not an undue burden on Employer to establish job availability in Louisiana. The WCJ acknowledged that Employer had flight simulators in only three domestic locations—Pittsburgh, Charlotte, and San Diego—and that Claimant could have daily flight privileges between Pittsburgh and New Orleans. However, she also noted that a flight each way lasts approximately two hours and ten minutes, involves a time zone change of one hour, requires a seat booking within 24 hours of a flight, and that Claimant would be "bumped" if a flight was booked with paying customers.

On Employer's appeal, the Board affirmed the WCJ's decision. Employer now appeals to this Court.[1]

The sole issue in this case is whether the Pittsburgh position offered by Employer is properly considered available to Claimant for purposes of the Act.[2] If so, and Claimant should have accepted the position, then his refusal to do so would justify a suspension of benefits. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). If not, and Claimant did not act in bad faith in rejecting the job referral, then his benefits should continue. *Id.* Our Supreme Court held in *Kachinski* that a job referral forming the basis of a suspension must be "actually available," and in that respect the Court adopted the following proposition:

> [A] position may be found to be actually available, or within the claimant's reach, only if it can be performed by the claimant, having regard to his physical restrictions and limitations, his age, his intellectual capacity, his education, his previous work experience, and other relevant considerations, such as his place of residence.

*Kachinski*, 516 Pa. at 251, 532 A.2d at 379.

Employer argues in this appeal that the WCJ erred in considering for purposes of job availability only Claimant's place of residence, not all of the circumstances, i.e., that the specialized Pittsburgh job was the position best suited to Claimant in light of his age, education, training, experience, intellectual capacity and physical abilities. Employer submits that the burden placed on it to find such a unique job in Claimant's geographic area is undue and insurmountable. It maintains that it should not bear this hardship and pay benefits perpetually where Claimant could have free flight privileges and where his choice to move was a personal one, not prompted by any economic or other necessity. Employer essentially undertakes its own examination of the record and reaches its conclusion that accepting the Pittsburgh position, and its concomitant commute, would be reasonable under the totality of the circumstances.

We reject Employer's arguments. It cannot seriously be contended that Claimant

---

1. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings of fact were unsupported by substantial evidence. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper)*, 165 Pa.Cmwlth. 696, 645 A.2d 957 (1994).

2. There is no doubt that Claimant recovered in part from his work injury; he was medically cleared for an open, modified position at his pre-injury wage; he was physically and vocationally capable of performing the modified work; and the position was properly referred to him.

lacked justification or good faith in moving to Louisiana with his family. Claimant moved based on a significant increase in his wife's salary, at a time when he had not been cleared to return to the modified flight simulator position and no such work was available with Employer.[3] As for his refusal of the specific Pittsburgh job subsequently offered to him, one look at the facts on the "commute" involved shows that the job was not reasonably available and that Claimant had good cause to reject it.[4]

Indeed, examining the precedent involving similar circumstances to those presented here, it is evident that the WCJ's decision is fully supported. For example, we have set forth the following rule:

> [I]t is well established that "[w]here the injured person can perform only work specially fitted to his physical condition, the burden is on the employer to show that such work *is in fact within reach* and absent such proof the claimant must be compensated as for total disability." *Workmen's Compensation Appeal Board v. State Workmen's Insurance Fund*, 19 Pa.Cmwlth. 605, 609, 339 A.2d 158, 160 (1975). (Emphasis added.) The possible availability of work in the area of a claimant's previous residence cannot realistically be said to be "in fact within reach" when, as here, the claimant has since resettled elsewhere under circumstances which do not indicate a lack of good faith in the move itself and in subsequent attempts to find work within his physical capabilities.

*Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Dennis)*, 32 Pa.Cmwlth. 147, 377 A.2d 1304 (1977).

Moreover, Employer mistakenly suggests that the relevant inquiry here concerns the "best suitable" job, that it is being penalized for not having a flight simulator position in Claimant's area, and that it is being required to show that the specific light duty flight simulator job is available with it in Louisiana. Neither Claimant's capacities nor the law in *Kachinski* limit Claimant to the flight simulator job, and Employer's claim that there are somehow undue restrictions as to finding a vocationally and physically suitable position are unfounded. We are confident that, where the modified flight simulator position itself is an appropriate job, there are a number of jobs in Claimant's geographic area that could also be considered appropriate. In fact, Employer certainly could present referrals to open jobs that have nothing to do with flight simulator engineering, are with other employers and are in other sectors of the domestic economy. What it cannot reasonably do, we hold, is secure a suspension based on this one position, which is so far away from Claimant's residence.

Of course, this means that Employer does have the burden to show open jobs in Claimant's geographic area, but such a requirement is entirely consistent with the Supreme Court's pronouncement in *Kachinski* that geographic location is a proper consideration in assessing whether a job is, as it must be, actually available and within a claimant's reach. *See also Marinelli v. Workmen's Compensation Appeal Board (Jetnet Corp.)*, 106 Pa.Cmwlth. 181, 525 A.2d 883 (1987), *petition for allowance of appeal denied*, 517 Pa. 601, 535 A.2d 1059 (1987); *Yellow Freight*. Our discussion and practical considerations in general show that Employer's requisite burden is hardly insurmountable and does not outweigh the unreasonable burden that would otherwise be placed on Claimant.[5]

---

3. Employer's assertions that Claimant lacked bona fide reasons for moving, that Claimant should have known his condition was improving when he moved, that compelling reasons for quitting employment due to a relocation are required in unemployment compensation cases, and that other Board decisions have allowed benefit suspensions where claimants moved after receiving job offers, are all plainly unavailing in light of the accepted facts here.

4. We note it was well within the WCJ's discretion to discount evidence that a former employee commuted from Florida to Employer's Pittsburgh location, particularly where that person, who was not injured, initially lived in Florida when he chose to work for Employer, commuted three or four times a month and worked for only one year.

5. As the WCJ and the Board have already explained, Employer's reliance in this regard on *Marinelli* is misplaced. There, the claimant relocated in good faith and we reaffirmed the usual rule set forth in *Yellow Freight*. Employer emphasizes the fact that we nonetheless upheld a

Employer nevertheless maintains that a job cannot be deemed actually unavailable based on only one factor, e.g., geographic proximity, where all other factors support a conclusion of actual availability. However, the WCJ in fact did consider the totality of the circumstances, recognizing that other factors showed the suitability of the offered position itself. Employer would have us rely, without any reasonable grounds, on those other generally relevant factors to the exclusion of the obviously overwhelming and most logical consideration here—that of the distance between the position and Claimant's home and family. While we agree that all pertinent circumstances should be examined, including those specifically mentioned in *Kachinski,* and that no single factor can be said to be dispositive in the abstract, the applicable case law shows that one factor can prove to be dispositive in a particular case. Following *Yellow Freight,* this Court has consistently held that, absent proof by an employer that suitable work is available to a claimant within the area of his or her residence, the employer has not met its burden to show that work is within a claimant's reach. *See, e.g., Moreno–Leonardo v. Workmen's Compensation Appeal Board (Kozel Engineering),* 164 Pa.Cmwlth. 384, 643 A.2d 151 (1994), *petition for allowance of appeal granted,* 540 Pa. 588, 655 A.2d 518 (1995); [6] *Titusville Hospital v. Workmen's Compensation Appeal Board (Ward),* 122 Pa.Cmwlth. 619, 552 A.2d 365 (1989); *Marinelli.*[7]

In sum, we have no basis to conclude that the distant position offered here was actually available for purposes of the Act or that Claimant should have accepted it. Claimant

relocated in good faith and the job offered to him was simply too far from his residence to be considered within his reach. The authority cited above compels the conclusion reached by the WCJ under these circumstances that. Employer did not sustain its burden of proof on its suspension petition.

Accordingly, we affirm the order of the Board upholding the WCJ's decision to dismiss Employer's petition.

### ORDER

AND NOW, this 26th day of January, 1998, the order of the Workers' Compensation Appeal Board, No. A95–2462, dated June 30, 1997, is hereby affirmed.

LEADBETTER, J., did not participate in the decision in this case.

---

benefit suspension in *Marinelli.* However, we did so because the claimant moved to a foreign country, Italy, thereby imposing an additional burden on the employer and undermining its practical ability to locate suitable employment. *Marinelli.* We noted "the constraints which exist in terms of distance, language and economic differences which would, in our opinion, unduly increase Employer's burden in establishing work availability." *Marinelli,* 106 Pa.Cmwlth. at 184, 525 A.2d at 885. No such additional constraints exist in this case.

6. In *Moreno–Leonardo* we applied an exception to the usual rule where a claimant had a transient lifestyle. Employer's reliance on that exception is clearly without basis under the facts of this case.

7. Most recently, we again confirmed that, in order to satisfy its burden under *Kachinski,* an employer must find work available to a claimant within reach of her current residence. *Pittsburgh v. Workers' Compensation Appeal Board (Ferraro),* 705 A.2d 492 (Pa.Cmwlth.1998). In that case, the claimant moved in good faith while disabled from her city job. Due to her relocation, she no longer met the city's residency requirement when she regained the ability to perform her former job. We held that the former job was not available, and thus a benefit suspension based on it was inappropriate, where the geographic test was not met. *Id.*